IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LANDON THOMAS, III                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 5:22-cv-50-DCB-LGI

JAMES BRUMFIELD and RICHARD BYNUM                             DEFENDANTS

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*.   After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.  BACKGROUND

On June 27, 2022, pro se Plaintiff Landon Thomas, III ("Plaintiff"), an inmate of the Pike County Jail in Magnolia, Mississippi, filed this Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the filing fee, instead he filed an incomplete Motion for leave to proceed *in forma pauperis* ("IFP").   Mot. [2].

The IFP statute requires a prisoner seeking leave to proceed without prepayment of the filing fee to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."   28 U.S.C. § 1915(a)(2).   Plaintiff failed to submit a trust fund account statement or institutional equivalent.

On June 28, 2022, the Magistrate Judge entered an Order [3] directing Plaintiff, on or before July 28, 2022, to pay the required filing fee or file a properly completed IFP application. Order [3] at 1.   The Order provided a blank IFP application including a "Certificate to Be

Completed by Authorized Officer" of prison accounts to serve as the institutional equivalent of a trust fund account statement.   *Id*. at 3-5.   The Order [3] warned Plaintiff that failure to timely comply with the requirements of the Order or failure to advise this Court of a change of address may result in the dismissal of the Complaint.   *Id*. at 1-2.   Plaintiff failed to respond.

On August 12, 2022, the Magistrate Judge entered an Order to Show Cause [4] which directed that, on or before August 26, 2022, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for his failure to fully comply with the Court's previous Order [3]; and (2) comply with the Court's previous Order [3] by paying the required fees or by filing a completed IFP application.   Order [4] at 1.   The Order to Show Cause warned Plaintiff that **"failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."**   *Id*. at 2 (emphasis in original).   Plaintiff failed to respond.

Since Plaintiff is proceeding pro se, the Court provided him with one final opportunity to comply with the Court's Orders.   On September 9, 2022, the Magistrate Judge entered a Final Order to Show Cause [5] which directed that, on or before September 23, 2022, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for his failure to fully comply with the Court's previous Orders [3, 4]; and (2) comply with the Court's previous Orders by paying the required fees or by filing a completed IFP application.   Order [5] at 1.   The Final Order to Show Cause also warned Plaintiff that **"failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."**   *Id*. at 2 (emphasis in original).   Plaintiff failed to respond.   Nor has Plaintiff filed a completed IFP application or paid the filing fee.

Plaintiff failed to comply with three court orders.   The Court warned Plaintiff—on four occasions—that failure to comply with the Court's orders would lead to the dismissal of this case.   *See* Final Order to Show Cause [5] at 2; Order to Show Cause [4] at 2; Order [3] at 1-2; Not. of Assign. [1-2] at 1.

II.   DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.   *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."   *Link*, 370 U.S. at 630-31.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629-30.

Plaintiff did not comply with three Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit.   Plaintiff has not contacted the Court or taken any action in the case since it was filed on June 27, 2022.   Such inaction represents a clear record of delay.

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply could result in the dismissal of this case. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 985 F.2d 557, 1993 WL 35716, at * 8 (5th Cir. 1993)(citations omitted)(noting "wide range of lesser sanctions" includes warnings).

The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Additionally, there is nothing in the record to suggest that further warnings will be effective.   *See Pegues v. PGW Auto-Glass*, 451 F. App'x 417, 418 (5th Cir. 2011) (affirming dismissal for failure to comply, determining there is "nothing [to] suggest[] that further warnings would have been effective").   It is apparent that Plaintiff no longer wishes to pursue this lawsuit.   Dismissal without prejudice is warranted.

III.   CONCLUSION

      **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED**, this the 18ᵗʰ  day of October, 2022.


                          s/David Bramlette
                          UNITED STATES DISTRICT JUDGE